■ QUAREY H., an Infant, by RAVEN H., His Mother and Natural Guardian, Appellant, v GRAHAM WINDHAM, Respondent, et al., Defendants. [28 NYS3d 14]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered November 22, 2013, which granted defendant Graham Windham's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In order to find defendant liable for injuries to plaintiff sustained when he was allegedly physically and sexually abused in two foster homes into which he was placed by defendant, plaintiff must establish that defendant had "sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]).

The court properly found that defendant sustained its initial burden of showing the absence of knowledge or notice of the abuse, and plaintiff conceded that defendant did not know of the danger in one of the homes. He also did not contest defendant's showing that all appropriate procedures and protocols were followed prior to approving the foster homes. Plaintiff failed to present evidence sufficient to raise a triable issue of fact on foreseeability in that he testified that he did not inform defendant of the abuse until after he was transferred from the homes where the abuse occurred, and did not dispute that he was referred by defendant for evaluation for aggressive behavior prior to the abuse allegations surfacing and the evaluators found no evidence of abuse while he was in foster care. It was also undisputed that plaintiff was referred for appropriate treatment, after the abuse was revealed.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.